E. STUFFER & Co., INC., Respondent, *v.* CARBONDALE MILLS, INC.,
Appellant.

Supreme Court, Appellate Term, First Department, January, 1922 — Filed October,
1922.

Sales — delivery of goods in installments — failure of buyer to make
prompt payments — default of seller in further deliveries — when
notice to buyer of intention to cancel contract of sale unnecessary —
Personal Property Law, §§ 142, 146.

Under the statute (Personal Property Law, §§ 142 and 146) a notice to the buyer
of the seller's intention to cancel a contract for the sale of goods, or the equiva-
lent of such a notice, is only required in cases of rescission.

Each installment of goods sold was to be paid for on delivery as follows: " Terms:
2/10 x 30." Four deliveries were made and invoices sent for each, but plaintiff
was late on every payment from eight to thirty-seven days. In an action for
damages for failure to deliver the goods the defendant did not plead a rescission
of the contract but merely justification under section 126(2) of the Personal
Property Law, for its refusal to proceed with the contract. *Held,* that an
instruction to the jury that notice of intention to cancel the contract was neces-
sary before the defendant could cease to perform was tantamount to a direction
of a verdict and was reversible error.

Judgment entered on the verdict in favor of plaintiff and an order denying defend-
ant's motion to set aside the verdict reversed and a new trial ordered.

APPEAL by the defendant from a judgment rendered in the
City Court of the city of New York in favor of the plaintiff, after
a trial before the court and a jury, and from an order denying
defendant's motion to set aside the verdict and for a new trial.

*Sapinsky & Amster (Simon M. Sapinsky,* of counsel), for appellant.

*Samuel J. Siegel (William Kaufman,* of counsel), for respondent.

LYDON, J. Plaintiff sued to recover damages for breach of
contract for failure to deliver certain merchandise. The goods
were to be delivered in installments, and each installment was
to be paid for in accordance with the following terms of payment,
to wit: " Terms: 2/10 x 30." Four deliveries were made and
invoices sent for each. Plaintiff failed to pay any of the invoices
according to the terms of the contract, being late on every payment
from eight to thirty-seven days. Defendant pleaded justification
in refusing to proceed with the contract by reason of plaintiff's
delinquent payments for installments, and relies for support on
section 126, subdivision 2, of the Sales Act. The court in its
charge to the jury defined the law as set forth in section 126 of the
Sales Act, *supra,* but added that defendant might cancel the
contract " provided he so notifies the buyer and gives the buyer
a reasonable time within which to pay for the goods heretofore

delivered." To this part of the charge the defendant duly excepted, and requested the court to charge the jury as follows: " I ask you to charge the jury that if they believe that the failure of the plaintiff to pay the bills for the installments of the goods theretofore delivered by the defendant to plaintiff was material under all the circumstances surrounding these parties and this contract, that the jury may then find that the defendant was justified in declining to proceed further and in not making deliveries of the remaining pieces." The court so charged the jury but again reiterated the necessity of notice of intention to cancel, and defendant again duly excepted.

The determinative inquiry on this appeal is whether notice is necessary under the facts of this case. Notice, or its equivalent is only required in cases of rescission. Pers. Prop. Law, §§ 142, 146. The defendant did not plead rescission but merely justification, under subdivision 2 of section 126, *supra*, for not proceeding further. *Heller & Brother* v. *Continental Mills*, 196 App. Div. 7; affd., 233 N. Y. 641.

The instruction of the court that notice was necessary before the defendant could cease to perform was tantamount to a direction of a verdict, as the defendant admitted no notice had been given. This error requires that the judgment should be reversed.

Judgment and order reversed and a new trial ordered, with costs to appellant to abide the event.

BIJUR and McCOOK, JJ., concur.

Judgment and order reversed.